KATE C. MINOR v. BOARD OF CONTROL OF HAMILTON (CITY) ET AL.

1. TAXPAYER'S ACTION TO ENJOIN STREET IMPROVEMENT.

   The fact that the cost of a proposed street improvement will fall upon the city, by reason of such irregularities in the preliminary proceedings as would render invalid an assessment upon the abutting owners, is sufficient ground for a taxpayer's action to enjoin the improvement, the city solicitor having refused to bring the action.

2. MUNICIPAL AUTHORITIES CANNOT CHANGE IMPROVEMENT.

   Where a petition is presented by abutting owners asking for a specific street improvement, municipal authorities have no power, acting upon such petition, to lengthen or decrease the improvement and if such a change is made, the proceedings are invalid.

3. A CORPORATION CANNOT BE COUNTED AS PETITIONER, WHEN.

   A corporation connot be counted as among the petitioners for a street improvement when it does not appears that the signature was within the scope of the powers of the officer making it, nor that there had been any ratification, either express or implied, of previous similar acts.

Minor v. Board of Control.

**4.** RATIFYING SIGNATURE AFTER SUIT IS BROUGHT—INSUFFICIENT.

> The fact that a corporation, after suit is commenced to enjoin an improvement on the ground of the insufficiency of the petition, by reason of the unauthorized signature of the corporation, ratifies the acts of its officers in signing the same, though it might estop the corporation from subsequently denying the validity of the acts of its officers in that regard, does not affect the rights of other parties or validate the act of the authorities in authorizing the improvement upon a petition which was insufficient.

APPEAL.

SMITH, J.

This is an action brought by the plaintiff as a tax payer of said city, on the refusal of the city solicitor on her request to do so, against the board of control of said city and the members thereof, seeking to enjoin them from awarding, or entering into any contract by virtue of proceedings then pending before said board, for the paving of Second street in said city, from the north side of Court street to Black street.

We state the conclusions at which we have arrived after a consideration of the evidence submitted in the case, very briefly.

First—We find that the petition in the case, which was the predicate and foundation of the proceedings taken by the board of control, was not signed by the property holders owning a majority of the front feet on the part of the street which the petition asked to be improved, or of that part of said street which was ordered by the board to be improved. It is conceded that to make such a majority, the property of the Niles Tool Works Company, which abutted thereon, or some part thereof, should have been represented on such petition—that is, that the company, the owner thereof, should have legally signed the same. It is true, that such petition was signed in this form:

" The Niles Tool Works Company,
" By R. C. McKinney, General Manager and Treasurer
" James C. Cullon, Secretary."

We find, however, from the evidence, that those officers had no express authority from the board of directors of said company to sign this petition, and thus make the property of the company liable for the payment of this assessment if one should be levied, for the reason that it was not shown to be within the scope of their powers as such officers, or even that such authority had theretofore been exercised by them, and either expressly or impliedly been ratified by the company. The fact that the company in this case, after the commencement of this suit, did, by a resolution of the board of directors, expressly ratify and confirm this action of its officers, while it might estop such company from denying the validity of the act of such officers, can not avail to affect the rights of other parties. The question in this case is—was there a petition presented to the board of control for this improvement properly signed by the property holders owning a majority of the front feet abutting on the proposed improvement? If so, the board was authorized to act. If not, it had no such right. And we find that such was not the case.

This conclusion would render it unnecessary for us to consider other claims made by the plaintiff, as matters which would invalidate the proceedings in the case, but we mention one or two which seem to us to be of a serious character.

The petition which was presented to the board of control, March 23, 1899, prayed for the improvement of Second street, from the south side

Butler Circuit Court.

of Court street to the north side of Black street. On April 12, following, the city engineer, by resolution of the board, was instructed to report plans, specifications and estimates of the cost of improving that part of the street petitioned for. It appears that this was never done; and for this alleged reason; that a petition had been pending some time previous before the board for the improvement of Second street from Black street, much farther south than Court street, and the engineer had prepared plans, specifications and estimates for that improvement, but this proceeding had been abandoned. On April 12, after the adoption of the resolution directing the engineer to prepare plans, specifications and estimates for the improvement, it appears that he reported a modification of his former report, making it applicable to that part of Second street between the north side of Court street and the north side of Black street. That seems to have been done by him of his own motion, and for the reason that he was of the opinion that it would be better to make the improvement in this way, rather than in the manner petitioned for, and for which he was instructed to prepare the plans, specifications and estimates. Thereupon, on the same day, the board of control passed a resolution declaring it necessary to improve Second street "from Court to Black street." This probably may have meant from the north side of Court street to the south side of Black street, and on May 9, 1899, said board passed an ordinance to improve Second street from the north side of Court street to the north side of Black street.

It seems quite clear that in many respects those proceedings are exceedingly irregular, to say the least. Manifestly the petitioners for the improvement of this street are not getting what they asked for. They desired to have the improvement extend to the south side of Court street, and this is what the board in the first instance proposed to do and required the engineer to report plans and estimates of the cost of the improvement to be presented to council for approval or rejection. It is essential that this be done before the improvements are commenced. It was not done in this case as directed. It is to be presumed that the petitioners knew what improvement they desired made, and that they were waiting to be assessed for the making of that particular improvement, and no other. We are of the opinion then, though no authorities were cited to us on this point, that when there is a petition presented for the improvement of a particular part of the street, that the board of control has not the power, acting on such petition, to lengthen or decrease the part of the street which the petition seeks to have improved. And as this was done in this case, the whole subsequent proceedings were invalid, without reference to the difference between the provisions of the resolution declaring the intention to improve, and the ordinance providing for the improvement.

The board of control then, having no right to proceed to improve this street on the petition filed, the plaintiff as a tax payer of the city, has a right to enjoin the proposed improvement. If the board has not the right to improve, the assessments will be invalid, and the city itself will have to pay the cost of it. And this affords good ground for the maintenance of an action by the solicitor of the city, or, on his refusal to bring it, for one brought on behalf of the city by a tax payer.

*Millikin, Scholls & Millikin*, for plaintiff.

*Neal*, and *Morey, Andrews & Morey*, for defendant.